UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS R. GARCIA, | Case No. 2:17-cv-00485-JCM-GWF |
| Petitioner, | |
| v. | ORDER |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. On December 22, 2017, respondents filed a motion to dismiss the petition in this matter, arguing that one claim is procedurally defaulted and that the other is unexhausted. Petitioner Garcia has not filed a response to the motion. Instead, he first filed a motion for leave to file an amended petition (ECF No. 20), then a motion for stay and abeyance (ECF No. 22).

1. *Motion to Dismiss*

In Ground One of his petition, Garcia claims that his conviction and sentence violate his constitutional right to effective counsel because his counsel failed to adequately investigate the facts underlying his case, failed to obtain exculpatory evidence related to DNA testing that was not disclosed by the State prior to the guilty plea, did not challenge Garcia's pre-trial detention, and abandoned Garcia when he expressed a

desire to withdraw his guilty plea. Garcia raised these claims in his second state habeas proceeding. ECF No. 13-10. The Nevada Court of Appeals concluded that Garcia's petition in that proceeding constituted an abuse of the writ and dismissed the claims pursuant to Nev. Rev. Stat. § 34.810(2).[1] ECF No. 13-30.

"The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state court from reaching the merits of the federal claims." *Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 1991). Respondents have carried the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Under *Bennett*, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. at 586.

By not responding to the motion to dismiss, Garcia has not challenged the independence or adequacy of Nev. Rev. Stat. § 34.810(2). Thus, he has not met his burden under *Bennett*. Accordingly, this court is barred from considering the claims in Ground 1 unless Garcia "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Because Ground One consists of ineffective assistance of counsel claims, Garcia may attempt to rely on *Martinez v. Ryan*, 566 U.S. 1 (2012), to excuse his procedural

---

[1] Nev. Rev. Stat. § 34.810(2) provides:

 A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

2

default. In *Martinez,* the Supreme Court held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim. *Martinez*, 566 U.S. at 9. "To establish 'cause' to overcome procedural default under *Martinez,* a petitioner must show: (1) the underlying ineffective assistance of trial counsel claim is "substantial"; (2) the petitioner was not represented or had ineffective counsel during the PCR proceeding; (3) the state PCR proceeding was the initial review proceeding; and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the initial review collateral proceeding." *Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (citation omitted).

In Ground Two of his petition, Garcia claims his conviction violates his Fourteenth Amendment right to due process because it was obtained by the use of false evidence, specifically a DNA sample purported to have been obtained from the victim. Garcia has not presented this claim to the Nevada Court of Appeals or the Nevada Supreme Court.

Though Garcia has yet to exhaust state court remedies for Ground 2, it is clear at this point that no state remedies are currently available to him. That is, if Garcia were to return to state court and present his federal habeas claims, the state courts would find the claims procedurally barred as untimely and successive.[2] "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens*, 740 F.3d at 1317. Thus, even if not exhausted in the conventional sense, Ground 2 is technically exhausted and procedurally defaulted. Moreover, because Ground 2 is not a claim of ineffective assistance of trial counsel, Garcia cannot rely upon *Martinez* to excuse his procedural default of the claim. See *Davila*

---

[2] Pursuant to Nev. Rev. Stat. § 34.726(1), a petition that challenges the validity of a judgment or sentence must be filed within one year after entry of the judgment of conviction or within one year after the appellate court issues its remittitur unless there is good cause for the delay. Pursuant to Nev. Rev. Stat. § 34.810(2), (3), a judge must dismiss a second or successive petition if the petition fails to demonstrate good cause for the petitioner's failure to present the claim in the original petition.

3

*v. Davis*, 137 S. Ct. 2058, 2070 (2017) (declining to extend the holding in *Martinez* beyond ineffective assistance of trial counsel claims).

All the claims in Garcia's petition are procedurally defaulted. This court will allow Garcia one opportunity to demonstrate that the procedural default of his claims should be excused under the standards set forth above. If he is unable to do so, his petition shall be dismissed with prejudice.

2. *Motion for Leave to File an Amended Petition*

With his motion for leave to file an amended petition, Garcia claims that the errors and omissions in his initial petition, as highlighted by the respondents' motion to dismiss, serve as a basis to allow him to file an amended petition. ECF No. 20. Garcia has not, however, attached a proposed amended petition to his motion as required by LR 15-1 of the Local Rules of Practice for this court. In addition, he does not specify, or even suggest, the manner in which he intends to amend his existing petition. Thus, the motion shall be denied. *See Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (affirming denial of "request to amend the complaint because Appellants did not propose any new facts or legal theories for an amended complaint and therefore gave the Court no basis to allow an amendment").

3. *Motion for Stay and Abeyance*

With his motion for stay and abeyance, Garcia asks this court to stay proceedings while he completes pending and forthcoming state court proceedings. ECF No. 22. He notes that he intends to file state court pleadings asking to amend a judgment of conviction in a separate, but related, case and that he is currently pursuing the appeal of his third state habeas petition in this case.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court condoned the use of stay and abeyance to allow a petitioner to exhaust state court remedies in habeas cases. To qualify for a stay, a petitioner must demonstrate "good cause for his failure to exhaust, [that] his unexhausted claims are potentially meritorious, and there is no

4

indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

As good cause, Garcia cites only to the two aforementioned state proceedings. Neither proceeding, however, will exhaust any claims in Garcia's pending federal petition. *See* ECF Nos. 9 and 13-34. Moreover, as explained above, Garcia's pending petition is fully exhausted. As such, his request for a stay must be denied. *See Rhines*, 544 U.S. at 275–76 (purpose of stay and abeyance is to stay a "mixed petition" and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 11) is GRANTED. Grounds One and Two shall be dismissed as procedurally defaulted unless petitioner can demonstrate that his defaults should be excused on the grounds discussed above. Petitioner shall have 45 days from the date this order is entered to file points and authorities and submit evidence showing cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. Respondents shall thereafter have 30 days to file a response. Petitioner shall have 30 days to file a reply to respondents' response.

IT IS FURTHER ORDERED that petitioner's motion for leave to file an amended petition (ECF No. 20) and motion for stay and abeyance (ECF No. 22) are DENIED.

DATED August 13, 2018.

                                                                      _____
                                                                      UNITED STATES DISTRICT JUDGE