UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS R. GARCIA,<br><br>   Petitioner,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>   Respondents. | Case No. 2:17-cv-00485-JCM-GWF<br><br>ORDER |

On August 13, 2018, this court entered on order granting respondents' motion to dismiss (ECF No. 11) and denying petitioner's motion for leave to file an amended petition (ECF No. 20) and motion for stay and abeyance (ECF No. 22). ECF No. 24. The order also gave Garcia an opportunity to demonstrate that the procedural default of the two claims in his petition should be excused. *Id.* Garcia has filed a response to that order, which includes a request that this court reconsider its denial of his motions for leave to amend and for stay and abeyance. ECF Nos. 25/26. For the reasons that follow, Garcia's petition will be dismissed with prejudice and his motion for reconsideration will be denied.

1. *Procedural default.*

As explained in its last order, this court is barred from considering Garcia's defaulted claims unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider

the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Garcia's response to the order discusses at length the history of his state criminal proceedings but fails to squarely address whether he can make the necessary showing to excuse his defaults.

With respect to Ground One of his petition, Garcia makes various allegations as to his trial counsel's deficient performance. ECF No. 25, p. 6-7. As for explaining the cause for his default, however, he makes only a vague claim that it was "due to delays in receiving a response from the state court" and that "in light of the new evidence the Court will understand, and allow him to rely on *Martinez v. Ryan*, 566 U.S. 1 (2012)." *Id.* Garcia does not further develop this argument.

Because Garcia was not represented by counsel in his initial post-conviction review (PCR) proceeding, he does meet a threshold requirement of the *Martinez* test for establishing cause to excuse the procedural default of an ineffective assistance of counsel (IAC) claim. *See Martinez*, 566 U.S. at 14 (identifying the state court's failure to appoint counsel as one the two circumstances in which a petitioner may establish cause for a default of an IAC claim). That alone is not enough, however. This court must also find a reasonable probability that the trial-level IAC claim would have succeeded had it been raised in the initial PCR proceeding. *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016).

The trial-level IAC claims Garcia raised in Ground One are that counsel failed to adequately investigate the facts underlying his case, failed to obtain exculpatory evidence related to DNA testing that was not disclosed by the State prior to the guilty plea, did not challenge Garcia's pre-trial detention, and abandoned Garcia when he expressed a desire to withdraw his guilty plea. ECF No. 9, p. 3-5. Although the Nevada courts ultimately concluded that these claims were procedurally-barred, both the state district court and the Nevada Court of Appeals also rejected Garcia's trial IAC claims on

the merits. ECF No. 13-17 and 13-30. Garcia fails to demonstrate that those decisions were erroneous. Thus, he is not entitled to relief under *Martinez*.

In Ground Two of his petition, Garcia claims his conviction violates his Fourteenth Amendment right to due process because it was obtained by the use of false evidence, specifically a DNA sample purported to have been obtained from the victim. Garcia concedes that he has yet to exhaust state court remedies for this claim. ECF No. 25, p. 8. As this court noted in its last order, the claim is procedurally defaulted because, at this point, Nevada's procedural rules on timeliness and successiveness bar any available relief. ECF No. 24, p. 3 (citing *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014). Garcia makes no showing sufficient to excuse the default. Moreover, the claim is also barred under *Tollett v. Henderson*, 411 U.S. 258 (1973), because it alleges a violation of Garcia's constitutional rights that occurred prior to the entry of his guilty plea. 411 U.S. at 267.

2. *Motion for reconsideration*.

Garcia seeks reconsideration of this court's order denying him leave to file an amended petition and his request for stay and abeyance. ECF No. 26, p. 8-12. The court denied leave to amend because Garcia did not specify the manner in which he intended to amend his existing petition. ECF No. 24, p. 4. It denied stay and abeyance because such a proceeding would be pointless given that Garcia's pending petition does not contain an unexhausted claim. *Id.*, p. 4-5.

Subsequent to the entry of this court's order, the Fifth Judicial District Court of Nevada (Nye County) granted Garcia's motion to modify a judgment of conviction in a separate criminal case. ECF No. 26, p. 15-16. As a result, the state district court entered a second amended judgment of conviction that removed a lifetime supervision provision that was included in a first amended judgment. *Id.*; p. 18-19, 52-54. The provision was not in the initial judgment of conviction. *Id.*, p. 49-50.

According to Garcia, the Nye County prosecutor relied on the lifetime supervision provision to prompt Washoe County Parole and Probation officers to conduct the home visit that resulted in Garcia's arrest and prosecution in this case. Garcia argues that his conviction in this case is "void" because the lifetime supervision provision was invalid.

Here again, a claim premised on alleged constitutional violations that occurred prior to the entry of Garcia's guilty plea is barred under *Tollett v. Henderson*. Thus, allowing Garcia to amend his petition to include a claim premised on the allegedly invalid lifetime supervision provision would be a futile exercise. *See Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989) (leave to amend under Rule 15(a)(2) "need not be granted where the amendment ... constitutes an exercise in futility"). And, as it stands, Garcia's current petition is fully exhausted, so there remains no justification for granting him stay and abeyance. *See Rhines v. Weber*, 544 U.S. 269, 275–76 (2005) (purpose of stay and abeyance is to stay a "mixed petition" and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims).

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus (ECF No. 9) is DISMISSED with prejudice as all the claims contained within it are procedurally defaulted. The Clerk of Court shall enter judgment accordingly.

IT IS FURTHER ORDER that a certificate of appealability is DENIED, as jurists of reason would not find the court's dismissal of this action to be debatable or incorrect.

IT IS FURTHER ORDERED that petitioner's motion for reconsideration (ECF No. 26) is DENIED.

DATED June 28, 2019.



UNITED STATES DISTRICT JUDGE

4